IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED TOLIVER,

    Petitioner,               No. CIV S-05-1444 MCE DAD P

    vs.

K.M. POWERS, et al.,

    Respondents.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        The court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court. Moreover, the court may limit its review of the petition for relief to the information on the form only and need not consider any memoranda or attachments to the petition. See Rule 2(c), Rules Governing § 2254 Cases.

        Although petitioner has submitted a standard habeas form, petitioner has failed to present his claims and supporting facts on the form. Instead, petitioner refers the court to his attachment. Petitioner is hereby notified that in order for this court to review his application, he must refile his petition on the proper form. If petitioner requires additional space, petitioner must continue responses as needed on pages that follow the same format as the form and are clearly

1

linked to the form by page number or question number. Petitioner is advised that although he may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information.

Petitioner has also filed a request for an expedited hearing, which the court will construe as a request for an evidentiary hearing. Petitioner's request for an evidentiary hearing is premature. Under the Rules Governing § 2254 Cases, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." See Rule 8, Fed. R. Governing § 2254 Cases. The court will consider whether an evidentiary hearing is required after the record is complete. Accordingly, petitioner's request for an evidentiary hearing will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition";

3. The Clerk of the Court is directed to send petitioner the form for habeas corpus application; and

4. Petitioner's February 28, 2007 request for an evidentiary hearing is denied.

DATED: March 29, 2007.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
toli1444.115

2