IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED TOLIVER,

        Petitioner,               No. CIV S-05-1444 MCE DAD P

     vs.

K. MENDOZA POWERS, Warden,       <u>ORDER AND</u>

        Respondent.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 9, 2007, the undersigned ordered respondent to file a response to the petition.  On June 7, 2007, respondent filed a motion to dismiss on the grounds that petitioner failed to comply with the applicable statute of limitations and did not present any cognizable federal claims that had been properly exhausted in state court as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  On June 29, 2007, petitioner filed a timely opposition to the motion.

**BACKGROUND**

        Petitioner alleges that in January 1977 he was convicted and sentenced to seven years to life in prison for murder under California's old indeterminate sentencing law.  (Am. Pet. at 2.)  He claims that on November 7, 1985, after California enacted the determinate sentencing

1

1    law, he received an established parole date of June 2, 1994 from the Board of Prison Terms.

2    Petitioner alleges that his release date was rescinded in 1986, evidently due to a prison rule

3    violation conviction he suffered.  (Id. at 6; Resp't's Mot. to Dismiss, Ex. 2.)  Petitioner now

4    contends that he has been illegally confined since 1994.

5              On August 15, 2003, petitioner filed a petition for a writ of habeas corpus in the

6    Los Angeles Superior Court in which he claimed that his release date had never been "refixed"

7    and that he should have been released, presumably on parole, in 1997.  (Resp't's Mot. to

8    Dismiss, Ex. 1.)  On October 14, 2003, the Superior Court denied the petition on the merits,

9    holding that the Board did not abuse its discretion by failing to find petitioner suitable for parole.

10   (Id., Ex. 2.)  On January 9, 2004, petitioner filed a petition for writ of habeas corpus in the

11   California Court of Appeal.  (Id., Ex 3.)  On May 11, 2004, the Court of Appeal summarily

12   denied his petition.  (Id.)  On June 24, 2004, petitioner filed a petition for a writ of habeas corpus

13   in the California Supreme Court.  (Id.)  On June 22, 2005, the California Supreme Court denied

14   the petition, citing the decisions in People v. Duvall and In re Robbins.  (Id., Ex. 10.)  Petitioner

15   filed his original petition in this court on July 18, 2005 and his amended petition on April 16,

16   2007.

17                    **RESPONDENT'S MOTION TO DISMISS**

18             Respondent moves to dismiss the amended petition on the grounds that: (1)

19   petitioner is not entitled to relief with respect to his untimely claims that are barred by the

20   applicable statute of limitations; (2) petitioner failed to exhaust his claims in state court; (3)

21   petitioner's claim that the Parole Board is required to fix his release date is not a cognizable

22   federal claim; and (4) petitioner fails to state a cognizable ex post facto claim based on the Parole

23   Board's refusal to release him on parole.  (Resp't's Mot. to Dismiss at 6-9.)

24   /////

25   /////

26   /////

1  I.  Respondent's Arguments

2       A.  Petitioner's Claims are Untimely

3            Respondent has construed petitioner's amended petition as raising the following

4  claims:  (1) "everything after October 1994 is a Deprivation of Petitioner's Liberty and Illegal

5  Confinement," (2) California's Indeterminate Sentence Law is no longer applicable to his

6  sentence after he received a parole grant in 1985 because, at that time, he became a determinately

7  sentenced prisoner, (3) the rescission of his parole grant in 1986 was illegal, and (4) the

8  application of California's Determinate Sentencing Law in determining petitioner's suitability for

9  release on parole constitutes an ex post facto violation.  (Resp't's Mot. to Dismiss at 4.)

10  Respondent contends that, nowhere in his amended petition does petitioner claim that a specific

11  parole consideration hearing after 1986 violated his federally protected rights.  (Id.)

12            Respondent argues that the AEDPA applies to this habeas action.  (Resp't's Mot.

13  to Dismiss at 6.)  Respondent notes that the AEDPA provides a one-year statute limitations for

14  the filing of a federal habeas petition, which begins to run from the latest of "the date on which

15  the factual predicate of the claim or claims presented could have been discovered through the

16  exercise of due diligence," or one year after April 27, 1996, the day AEDPA was enacted.  (Id.)

17  Because petitioner alleges various violations of his rights in 1985, 1986 and October of 1994,

18  respondent contends that petitioner should have discovered the factual predicate for these claims

19  no later than November 1, 1994.  Accordingly, respondent argues that the statute of limitations

20  began to run on April 27, 1996, and expired April 28, 1997.  However, respondent points out,

21  petitioner did not file his first petition in this court until 2005.  (Resp't's Mot. to Dismiss at 6.)

22  Respondent also contends that petitioner did not even begin process of seeking collateral review

23  in state court until 2003, and is therefore is not entitled to any statutory tolling since the filing of

24  a state collateral action after expiration of the limitations period does not restart the statute of

25  /////

26  /////

1   limitations clock.  (Id.)  Accordingly, respondent concludes that the petition before this court is

2   time barred.[1]

3          Finally, respondent argues that if the court construes petitioner's amended petition

4   as claiming an entitlement to equitable tolling between 1986 and the filing of the first federal

5   petition in July of 2005, the court should reject such an argument.  (Resp't's Mot. to Dismiss at

6   7.)  Respondent contends that equitable tolling only applies if "extraordinary circumstances

7   beyond a prisoner's control make it impossible to file a petition on time" and petitioner has not

8   even suggested that respondent's conduct caused his delay in filing his petition.  (Id. at 8.)

9   According to respondent, petitioner alone made the choice of when and how to pursue state and

10  federal collateral relief with respect to his claims and is not entitled to equitable tolling of the

11  AEDPA statute of limitations.

12         B.  Petitioner Failed to Exhaust His Claims

13         Next, respondent argues that petitioner failed to fairly present his federal claims to

14  the state's highest court as required.  (Resp't's Mot. to Dismiss at 8.)  Respondent contends that

15  the AEDPA exhaustion requirement is not satisfied by the filing of a petition in state court that is

16

---

17         [1]  Respondent contends that the somewhat vague petition is time barred no matter how it
    is construed by the court.  In this regard, respondent argues that if the amended petition were
18  construed as raising claims arising from the Parole Board's 2001 decision, those claims are also
    time barred.  (Resp't's Mot. to Dismiss at 7.)  Respondent notes that the Parole Board denied
19  petitioner parole on July 25, 2001, and rejected his appeal of that decision on June 11, 2002.
    According to respondent, the AEDPA statute of limitations on claims stemming from the Parole
20  Board's decision began to run on June 12, 2002, and expired on June 13, 2003, while petitioner
    did not commence this action until 2005.  Moreover, respondent argues, were the amended
21  petition construed as raising claims arising from any other Parole Board decision on or before
    2004 denying petitioner parole, those claims would also be barred by the statute of limitations.
22  (Resp't's Mot. to Dismiss at 7.)  Respondent observes that petitioner filed his habeas petition
    with the California Supreme Court on June 24, 2004 and that court denied the petition as
23  untimely, citing In re Robbins, on June 22, 2005.  Respondent contends that petitioner is not
    entitled to statutory tolling while this untimely filed petition was pending before the California
24  Supreme Court.  (Id.) (citing Thorson v. Palmer, 479 F.3d 643-45 (9th Cir. 2007)).  Respondent
    contends that the AEDPA statute of limitations therefore began to run after the Court of Appeal
25  denied petitioner's application for habeas relief on May 11, 2004.  More than a year lapsed
    between May 11, 2004, and the filing of the first federal petition in July of 2005, rendering the
26  pending petition untimely.

1  denied as procedurally defective.  Rather, fair presentation of a claim for exhaustion purposes

2  requires that the state court be informed of both the legal and factual basis of the claim.

3  Respondent argues that here the California Supreme Court denied petitioner's state habeas

4  petition with a citation to People v. Duvall in which the court held that a petitioner must include

5  copies of reasonably available documentary evidence supporting the claim, including pertinent

6  portions of trial transcripts and affidavits or declarations.  Respondent contends that petitioner

7  failed to comply with this state procedural requirement and therefore did not fairly present his

8  claims to the California Supreme Court.  (Id. at 8-9.)

9       C.  Petitioner's Claim that the Parole Board is Required to Fix His Release Date Is Not a

10  Cognizable Federal Claim

11       Petitioner, who was sentenced to seven years to life in prison, generally alleges

12  that California law requires that his term be fixed and that he be released at the expiration of that

13  fixed term.  (Resp't's Mot. to Dismiss at 9.)  Respondent argues that, because this claim is

14  predicated solely on state law, it is not cognizable on federal habeas review.  Respondent

15  contends that by simply alleging that he has a due process right in the correct application of state

16  law, petitioner cannot convert a state law claim into a cognizable federal claim.  (Id.)

17       D.  Petitioner's Ex Post Facto Claim Is Not Cognizable

18       Finally, respondent argues that petitioner's claim that failing to release him on

19  parole is an ex post facto violation is also not cognizable in this federal habeas action.  (Resp't's

20  Mot. to Dismiss at 9.)  Respondent contends that this same claim was rejected by the Ninth

21  Circuit in Connor v. Estelle, 981 F.2d 1032, 1034 (9th Cir. 1992) where the court held that a

22  prisoner sentenced under California's indeterminate sentencing law was not disadvantaged for ex

23  post facto purposes by application of California's determinate sentencing law in determining his

24  parole suitability.  (Id.)

25  /////

26  /////

1    In sum, respondent concludes that petitioner has failed to present this court with

2  any timely, exhausted and cognizable federal claims.  (Resp't's Mot. to Dismiss at 10.)

3  Accordingly, respondent contends that the court should dismiss the amended petition.  (<u>Id.</u>)

4  II.  <u>Petitioner's Arguments</u>

5    In opposition to the motion to dismiss, petitioner first argues that respondent has

6  not properly characterized the procedural history in this case.  (Pet'r's Opp'n to Resp't's Mot. to

7  Dismiss at 5.)  Specifically, petitioner contends that he was sentenced to seven years to life in

8  prison under California's old indeterminate sentencing law in January 1977.  (<u>Id.</u>)  On November

9  7, 1985, after California enacted its determinate sentencing law, a panel composed of

10  commissioners and deputy commissioners representing the Board of Parole fixed petitioner's

11  term at 228 months confinement with credit for 214 months applied.  (<u>Id.</u>)  According to

12  petitioner, he received an established parole date of June 2, 1994.  (<u>Id.</u>)  Petitioner contends that

13  in 1986, however, the Parole Board rescinded that parole date and have not refixed it since.  (<u>Id.</u>

14  at 6.)

15    Petitioner argues that the claims presented in his amended petition are timely.

16  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 6.)  Specifically, petitioner contends that he is

17  "appealing his August 2003 hearing in which [he] received another 2-year denial thus furthering

18  the deprivation of [his] liberty/illegal confinement. . . ."  (<u>Id.</u>)  More generally, petitioner notes

19  that all of his parole hearings from 1996 to the present have resulted in a deprivation of his

20  liberty.  (<u>Id.</u>)  Petitioner represents that he has filed numerous administrative appeals, challenging

21  his parole denials, but they have all been denied.  (<u>Id.</u> at 7.)  Petitioner concludes that he has been

22  denied his liberty through fraud and with malice and oppression.  (<u>Id.</u> at 8.)

23                                          **ANALYSIS**

24  I.  <u>Exhaustion of State Remedies</u>

25    State courts must have the first opportunity to decide a state prisoner's habeas

26  corpus claims.  <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S.

509, 518-19 (1982)).  In general, a state prisoner's application for a writ of habeas corpus will not

be granted unless "the applicant has exhausted the remedies available in the courts of the State."

28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement

unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).  A

petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all

federal claims before presenting the claims to the federal court.  Duncan v. Henry, 513 U.S. 364,

365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th

Cir. 1996).  A federal claim is fairly presented if the petitioner has described the operative facts

and the federal legal theory upon which his claim is based.  Weaver v. Thompson, 197 F.3d 359,

364 (9th Cir. 1999); see also Bland v. California Department of Corrections, 20 F.3d 1469, 1473

(9th Cir. 1994).  Thus, a claim is unexhausted where the petitioner did not fairly present the

factual or legal basis for the claim to the state court.  See Picard v. Connor, 404 U.S. at 275.  "[I]t

is not enough ... that a somewhat similar state-law claim was made."  Anderson v. Harless, 459

U.S. 4, 6 (1982).  As a rule, the "mere similarity of claims is insufficient to exhaust."  Duncan,

513 U.S. at 365-66.[2]

/////

/////

_____

[2]  On the other hand, "new factual allegations do not ordinarily render a claim unexhausted."  Beatty v. Stewart, 303 F.3d 975, 989 (9th Cir. 2002), cert. denied 538 U.S. 1053 (2003).  A claim is unexhausted only if new factual allegations "fundamentally alter the legal claim already considered by the state courts."  Vasquez v. Hillery, 474 U.S. 254, 260 (1986).  See also Beatty, 303 F.3d at 989-90; Weaver, 197 F.3d at 364.  It is not necessary that "every piece of evidence" supporting federal claims have been presented to the state court.  Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994) (emphasis in original).  The introduction of new evidence effects the fair presentation requirement when it "substantially improves the evidentiary basis" for petitioner's claims.  Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988).  New factual allegations that are merely cumulative of those presented to the state court do not transform the claim and thus do not require exhaustion.  Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986).  See also Weaver, 197 F.3d at 364 (acknowledging that although the "precise factual predicate" for a claim had changed after the evidentiary hearing in federal court, the claim remained rooted in the same incident and was therefore exhausted).

1  II.  Discussion

2          Although petitioner's amended petition includes a series of broad allegations

3  regarding his allegedly unlawful confinement from "1986 to the present," petitioner has clarified

4  in his opposition to the pending motion that he is seeking to challenge the Parole Board's August

5  2003 decision denying him parole.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 6.)  However,

6  petitioner made no specific reference to the Parole Board's August 2003 decision in his state

7  habeas petition filed in the California Supreme Court on June 24, 2004.  (Resp't's Mot. to

8  Dismiss, Ex. 3.)  Rather, much like in his amended petition before this court, petitioner set forth

9  in that state petition only overly-broad and vague arguments that continued confinement was

10  unlawful.  (Id.)  Moreover, even if petitioner had referenced the Parole Board's August 2003

11  decision in his state petition, the California Supreme Court clearly denied petitioner's habeas

12  petition on the ground that he had not presented his claims with sufficient particularity.  (Resp't's

13  Mot. to Dismiss, Ex. 10.)  In this regard, the California Supreme Court denied petitioner's habeas

14  petition citing the decision in People v. Duvall, 9 Cal. 4th 464, 474 (1995), which outlines the

15  various procedural requirements for a habeas petition in California.  In that case the California

16  Supreme Court stated that a habeas petition must

17              both (i) state fully and with particularity the facts on which relief is
                sought [citations omitted], as well as (ii) include copies of
18              reasonably available documentary evidence supporting the claim,
                including pertinent portions of the trial transcripts and affidavits or
19              declarations. [citations omitted].

20  Duvall, 9 Cal. 4th at 474.

21          In addition to failing to state in his petition before the California Supreme Court

22  that he was challenging the Parole Board's August 2003 decision, petitioner failed to submit to

23  that court any documentary evidence regarding the 2003 decision.  (Resp't's Mot. to Dismiss, Ex.

24  /////

25  /////

26  /////

8

3.)[3]   Thus, it is clear from a review of the petition submitted to the California Supreme Court

that petitioner did not fairly present the factual or legal basis for his federal claim to the highest

state court by describing the operative facts and the federal legal theory upon which that claim is

based.  See Picard v. Connor, 404 U.S. at 275; Weaver, 197 F.3d at 364; Bland, 20 F.3d at 1473.

The conclusion that petitioner has failed to exhaust the federal claim presented to this court is

further supported by the California Supreme Court's citation to Duvall in denying his state

petition.  As the Ninth Circuit has recognized:

> If the denial of the habeas corpus petition includes a citation of an
> authority which indicates that the petition was procedurally
> deficient ..., then the available state remedies have not been
> exhausted as the California Supreme Court has not been given the
> required fair opportunity to correct the constitutional violation.

Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc).  See also Kim v.

Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (same); McQuown v. McCartney, 795 F.2d 807,

809 (9th Cir. 1986) (same).  Here, petitioner has not provided this court with any evidence

suggesting that he filed an amended petition with the California Supreme Court attempting to

cure the defect.  Nor has petitioner alleged that state court remedies are no longer available to

him.

/////

/////

//////

/////

/////

/////

---

[3]   Indeed, it does not appear that petitioner ever mentioned the August 2003 Parole Board decision in his petition submitted to the California Supreme Court.  (Resp't's Mot. to Dismiss, Ex. 3.)  Liberally construed, it appears that, if anything, the petition submitted to the California Supreme Court was a challenge to the Parole Board's consideration of California's then new determinate sentencing law in fixing petitioner's term in November of 1985.  (Id.)

1    Accordingly, the court concludes that respondent's motion to dismiss should be

2    granted,[4] and petitioner's application for a writ of habeas corpus should be dismissed due to

3    petitioner's failure to comply with the exhaustion requirement.[5]

4                                    **OTHER MATTERS**

5    Both parties have requested that the court take judicial notice of the exhibits

6    attached to their briefing. Judicial notice of adjudicative facts is appropriate with respect to

7    matters that are beyond reasonable dispute in that they are either generally known or capable of

8    accurate and ready determination by resort to a source whose accuracy cannot reasonably be

9    questioned. See Fed. R. Evid. 201 and advisory committee notes. Respondent's request for

10   judicial notice will be denied as unnecessary. Petitioner's request for judicial notice will be

11   denied because he seeks judicial notice of matters that fail to meet the requirements of the

12   applicable rule. See Fed. R. Evid. 201(b).

13   Finally, respondent has notified the court that the proper respondent in this case is

14   K. Mendoza Powers, Warden at Avenal State Prison, not K.M. Power. Respondent is only

15   partially correct. In both his original petition and in his amended petition, petitioner names K.M.

16   Powers as the respondent. Therefore, the court will direct the Clerk of the Court to amend the

17   docket and substitute K. Mendoza Powers as respondent in this action.

18

19        [4]   The court need not address respondent's arguments regarding the timeliness of the
20   federal petition or petitioner's failure to state cognizable claims under § 2254 given the court's
     recommendation that the petition be dismissed due to petitioner's failure to exhaust his federal
21   claims in state court.

22        [5]   Petitioner is advised that the habeas corpus statute imposes a one-year statute of
     limitations for filing non-capital habeas corpus petitions in federal court. The one-year period of
23   limitation "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of
     a State court,' even if the petition challenges an administrative decision rather than a state court
24   judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). The limitation period
     begins to run on "the date on which the factual predicate of the claim or claims presented could
25   have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The
     statute of limitations is tolled while a properly filed application for state post-conviction or other
26   collateral review is pending. 28 U.S.C. § 2244(d). However, since petitioner seeks to challenge
     a 2003 parole denial, any federal application for writ of habeas corpus may well be time barred.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1.  Respondent's June 7, 2007 request for judicial notice is denied;

2.  Petitioner's June 29, 2007 request for judicial notice is denied; and

3.  The Clerk of the Court is directed to amend the docket and substitute K. Mendoza Powers, Warden at Avenal State Prison, for K.M. Powers, as respondent in this action.

IT IS HEREBY RECOMMENDED that:

1.  Respondent's June 7, 2007 motion to dismiss be granted; and

2.  Petitioner's application for a writ of habeas corpus be dismissed due to his failure to exhaust his available state remedies with respect to the claims presented.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2008.

Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
toli1444.157

11